# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

FILED
CLERK, U.S. DISTRICT COURT

JUN – 4 2025

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

**Soledad Aguilar,**

Plaintiff,

v.

Deputy Andrew Jauregui, in his individual capacity, and

County of San Bernardino,

Defendants.

Case No.: EDCV25-01383 - MRA (AGR)

COMPLAINT FOR DAMAGES

CIVIL RIGHTS VIOLATIONS – 42 U.S.C. § 1983

DEMAND FOR JURY TRIAL

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution.
2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in San Bernardino County, California.

## II. PARTIES

Plaintiff Soledad Aguilar is an individual residing in Victorville, California.

Defendant Andrew Jauregui is a Deputy Sheriff for the County of San Bernardino and is sued in his individual capacity.

Defendant County of San Bernardino is a municipal entity responsible for the conduct and training of its deputies.

## III. FACTUAL ALLEGATIONS

On May 15, 2024, Plaintiff was stopped by Deputy Andrew Jauregui while riding a dirt bike near US Hwy 395 & Air Express Way.

At the time of the stop, Plaintiff was riding a dirt bike on the shoulder of the road, on the opposite side of traffic, in an effort to avoid congested traffic and ensure safety. Plaintiff was not riding recklessly, endangering others, or attempting to flee. This action was not intended to violate traffic laws, but rather to mitigate immediate roadway risk. Despite this, the officer initiated a stop and escalated the encounter following Plaintiff's peaceful assertion of his right to record for personal safety.

Upon contact, Plaintiff began recording for personal safety and verbally stated this. In response, Deputy Jauregui ordered Plaintiff to stop recording and detained him shortly thereafter without articulable probable cause. The escalation followed immediately after Plaintiff invoked his right to record.

Deputy Jauregui conducted a pat-down search without reasonable suspicion that Plaintiff was armed or dangerous. During detainment, the officer stepped forcefully on Plaintiff's foot, causing injury, and failed to document or treat the injury.

Plaintiff was not read Miranda rights until after questioning and detainment, and the advisement was mishandled and unclear. The arresting officer fabricated or exaggerated facts in his report, including slurred speech and alleged interference.

Plaintiff's request for the officer's badge number and name was met with hostility and labeled as interference. Plaintiff has suffered emotional distress, reputational harm, and lost the opportunity to enlist in the U.S. Navy as a direct result of the arrest.

## IV. CAUSES OF ACTION

### Count 1 – Retaliation for Protected Speech (First Amendment – 42 U.S.C. § 1983)
Defendant Jauregui retaliated against Plaintiff for recording in public, a protected First Amendment activity, by detaining and searching him without cause.

### Count 2 – Unlawful Search and Seizure (Fourth Amendment – 42 U.S.C. § 1983)
The stop, detainment, and pat-down were not supported by probable cause or reasonable suspicion, in violation of Plaintiff's Fourth Amendment rights.

### Count 3 – Excessive Force (Fourth Amendment – 42 U.S.C. § 1983)
The officer's act of forcefully stepping on Plaintiff's foot during detainment constituted excessive force.

### Count 4 – Failure to Provide Medical Attention (Fourteenth Amendment – 42 U.S.C. § 1983)
The officer showed deliberate indifference to Plaintiff's injury by failing to acknowledge or treat it.

### Count 5 – Denial of Due Process (Fourteenth Amendment – 42 U.S.C. § 1983)
The delayed and unclear Miranda warning, along with prejudicial language and fabricated narrative, violated Plaintiff's due process rights.

## VII. REQUESTED IN COMPLAINT

✔ Jury Trial Demanded
✔ Monetary Damages
✔ Injunctive and/or Declaratory Relief

## VIII. RELATED CASE(S)

None.

Date: June 3, 2025

Signature: _____ (Soledad Aguilar, Pro Se)